**Niles v. Karl**

*Bernard Hessley*, for plaintiff.
*David Swanson*, for defendants.

WOLFE, P. J., April 17, 1973.—Defendants filed preliminary objections to plaintiff's complaint in assumpsit asking for a more specific pleading.

First, defendants desire plaintiff to allege if suit is brought by plaintiff, "as a person holding any public office, or as a licensed or recognized collection agency."

The complaint alleges plaintiff is an individual and gives his address. We think this is sufficient. Defendants argue plaintiff may be holding a public office that would prevent him from pursuing this action as an individual. If this is the case we think the matter is for defendants to plead as an affirmative defense under "New Matter" pursuant to Pennsylvania Rule of Civil Procedure 1030. In any event, if defendants question the capacity in which plaintiff brings his action, Rule 1017(5) makes a petition raising the defense of lack of capacity to sue available.

We conceive defendants are anticipating their defense by requiring plaintiff to plead it. If defendants have a defense it is incumbent upon them to answer the complaint accordingly and not for plaintiff to defend his own action.

Second, defendants ask that plaintiff "detail the manner in which the plaintiff carried out his obligations under the contract." This attack is made to paragraph 5 of the complaint wherein plaintiff alleges, "pursuant to the contract, the plaintiff instituted collection procedures on the delinquent accounts." Plaintiff attached a copy of the written contract between the parties to his complaint and a reading of this agreement spells out the terms and obligations between the parties. We don't see how defendants are hindered in pleading to this paragraph in any way. Plaintiff merely alleges he pursued his part of the contract on the delinquent accounts. This is subject to affirmation or denial as defendants deem appro-

priate. It is at times difficult to discern what is evidentiary and improperly pleaded as against what is factual and required to be pleaded under Pa. R. C. P. 1019(a) requiring the material facts on which a cause of action or defense is based to be stated in a concise and summary form. Here, to compel plaintiff to "spell out" the specific manner in which plaintiff allegedly fulfilled his obligation is clearly in the category of evidentiary matter rather than factual allegations. We think plaintiff could have made a statement that he had fulfilled his term of the contract or any part thereof and this would be sufficient pleading.

Third, defendants complain the complaint alleges that work was begun under the contract, by plaintiff, but does not set forth any accounting of moneys collected or of any portion thereof withheld by plaintiff. This objection is answered in paragraph 6 of the complaint wherein plaintiff alleges pursuant to the contract defendants made payments to plaintiff in the amount of $300 per month. The complaint does not allege plaintiff withheld any of the money collected by him nor does the complaint allege plaintiff made an accounting of moneys collected to defendants.

Again, we think defendants are anticipating a set-off or counterclaim. Anticipating defenses are not proper pleading: Fox v. Oberholzer, 9 Adams 3 (1967).

Fourth, counsel for plaintiff has acknowledged an arithmetical error in claiming $2,800 in damages when, in fact, the demand is for $2,400. This objection is now moot.

Finally, defendants have withdrawn their motion to strike and thus we make the following

### ORDER

And now, to wit, April 17, 1973, the motion for more specific pleading is denied and defendants are granted 20 days to answer the complaint.